Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL XI

| MECH-TECH COLLEGE, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA EXAMINADORA DE PERITOS ELECTRICISTAS<br><br>Recurrido | KLRA202500320 | *REVISIÓN JUDICIAL* procedente de la Junta Examinadora de Peritos Electricistas<br><br>Sobre:<br><br>Solicitud de Certificación para Fungir como Proveedor de Educación Continua |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece ante nos, Mech-Tech College, LLC (en adelante, "parte recurrente"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 21 de marzo de 2025 y notificada el 15 de abril de 2025, por la Junta Examinadora de Peritos Electricistas (en lo sucesivo, "Junta Examinadora"). Mediante la referida determinación, la Junta Examinadora denegó la solicitud de certificación como proveedor de educación continua, presentada por la parte recurrente.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso de revisión judicial por no constituir la determinación recurrida una resolución final.

**I.**

Surge del expediente ante nuestra consideración que el 19 de diciembre de 2024, la parte recurrente presentó ante la Junta Examinadora una "solicitud de certificación" al amparo del Reglamento de Educación Continua de la Junta Examinadora de Peritos Electricistas adscrita al Departamento de Estado, Reglamento Núm. 8476 del 23 de mayo de 2014

("Reglamento Núm. 8476"). Mediante la referida solicitud, peticionó a la Junta Examinadora que le autorizara ser proveedor de educación continua.

En respuesta a la solicitud de la parte recurrente, el 15 de abril de 2025, la Junta Examinadora notificó una epístola intitulada "RE: Determinación sobre Solicitud de certificación como Proveedor de Educación Continua." Mediante esta, se limitó a denegar la referida "solicitud de certificación" bajo la expresión de que la documentación sometida por la parte recurrente incumplía con las disposiciones del Reglamento Núm. 8476.

En desacuerdo, la parte recurrente presentó oportunamente el 28 de abril de 2025 una "*Solicitud de Reconsideración*." La referida solicitud no fue considerara por la Junta dentro del término de quince (15) días dispuesto en la sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9655. De modo que, el término para recurrir al foro apelativo comenzó a decursar luego de que concluyó el aludido término de quince (15) días. Así pues, el 2 de junio de 2025, la parte recurrente presentó de forma oportuna un recurso de revisión judicial.

A través del referido recurso la parte recurrente esbozó los siguientes señalamientos de error:

> Erró la Junta Examinadora al denegar la solicitud de la recurrente para su licencia como proveedor certificado de educación continuada mediante el envío de una comunicación proforma en la que no se exponen o especifican las razones que fundamentan o justifican su determinación final en violación del debido proceso de ley.

> Erró la Junta Examinadora al emitir una determinación final en este caso privando a la recurrente de su derecho a impugnar la decisión administrativa a través del procedimiento adjudicativo establecido a estos fines en la sección 5.4 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), en violación al debido proceso de ley.

**II**.

**A.     Jurisdicción:**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de

jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). El Tribunal de Apelaciones tiene facultad de desestimar un recurso al amparo de la Regla 83, 4 LPRA Ap. XXII-B, R. 83*,* en los escenarios en que carece de jurisdicción para atender sus méritos.

**B.      Recurso de Revisión Judicial:**

El Tribunal de Apelaciones es un tribunal intermedio cuyo propósito es proveer a los ciudadanos de un foro apelativo para revisar, entre otras, decisiones finales de los organismos y agencias administrativas traídas ante su consideración mediante un recurso de revisión judicial. Art. 4.001-4.002 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24t-24u. La revisión de las decisiones finales de los organismos y agencias administrativas ante este Tribunal de Apelaciones se tramita de conformidad con la LPAU, 3 LPRA sec. 9601 et. seq., y de conformidad con el Reglamento del foro apelativo.

En lo aquí pertinente, la sección 4.2 de la LPAU establece lo siguiente:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis suplido) 3 LPRA sec. 9672.

De forma similar el Reglamento del Tribunal de Apelaciones establece lo siguiente: "El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha

del archivo en autos de la copia de la notificación **de la orden o resolución final del organismo o agencia**."[1] 4 LPRA Ap. XXII-B, R. 57. (Énfasis suplido).

Nuestro Tribunal Supremo ha definido que la orden o resolución final "es aquella que pone fin a todas las controversias dilucidadas ante la agencia y cuyo efecto es sustancial sobre las partes." A.R.Pe *v. Coordinadora,* 165 DPR 850, 867 (2005). Por ello, nuestro Más Alto Foro ha pronunciado que "los tribunales se abstendrán de evaluar la actuación de la agencia hasta tanto la persona o junta que dirija esa entidad resuelva la controversia en su totalidad." *Íd.* En otras palabras, "nuestro sistema de derecho administrativo sujeta la aplicación del [recurso de revisión judicial] a la existencia de una actuación agencial final que adjudique los derechos y las obligaciones de las partes." *Crespo Claudio v. O.E.G.*, 173 DPR 804, 814 (2008).

Cónsono con lo anterior, la Sección 3.14 de LPAU establece el contenido que las agencias administrativas deben incluir en sus determinaciones finales al disponer, en lo aquí relevante, lo siguiente:

[…]

La orden o resolución [final] deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley. 3 LPRA sec. 9654.

[…]

Según surge del precitado estatuto, el contenido de una determinación administrativa final debe incluir las determinaciones de hechos y las conclusiones de derecho en que se fundamentan la adjudicación. Algunos de los objetivos que persigue efectuar determinaciones de hecho y conclusiones de derecho en una

---

[1] Asimismo, el Artículo 34 del Reglamento Núm. 8476 establece lo siguiente con relación a la revisión judicial: "Una parte adversamente afectada por una orden o resolución final de una Junta y que haya agotado todos los remedios provistos por la Junta podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta o a partir de la fecha aplicable de las dispuestas en el Artículo 34 de este Reglamento cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración." […]

determinación administrativa son los siguientes: (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esa tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo y estando ésta mejor informada, poder decidir si acude al foro judicial o acata la determinación; 4) promover la uniformidad intraagencial, particularmente cuando el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba; y (5) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza (*expertise). Reyes Salcedo v. Policía de P.R.*, 143 DPR 85, 94 (1997).

## III.

La parte recurrente solicita que revoquemos la "Determinación sobre Solicitud de certificación como Proveedor de Educación Continua," emitida por la Junta Examinadora. Sostiene que la Junta Examinadora incidió al denegarle la concesión de una certificación para proveer educación continua. Entiende que la determinación recurrida carece de los fundamentos legales necesarios. Ante ello, nos solicita que le ordenemos a la Junta Examinadora que fundamente la determinación emitida y celebre un procedimiento adjudicativo de conformidad a la Sección 5.4 de la LPAUG, 3 LPRA sec. 9684.

Al examinar la determinación recurrida se desprende que esta no cumple con los criterios de una resolución final. Es sabido que las determinaciones agenciales son revisables por esta Curia cuando se haya adjudicado finalmente los derechos y las obligaciones de las partes y cuando el contenido de dichas determinaciones exponga separadamente determinaciones de hechos y conclusiones de derecho. En el presente caso la determinación recurrida se limita a denegar la certificación

peticionada sin esbozar separadamente determinaciones de hechos y conclusiones de derecho. Estas omisiones menoscaban las salvaguardas mínimas que ofrece a una parte el debido proceso de ley. En vista de ello, en estos momentos nos vemos imposibilitados de ejercer nuestra facultad revisora, puesto que una notificación defectuosa, no fundamentada en determinaciones de hecho y conclusiones de derecho nos impide evaluar la corrección del dictamen administrativo. Por consiguiente, carecemos de autoridad para **en estos momentos** evaluar los méritos de la determinación notificada por la Junta Examinadora.

La decisión que hoy emitimos no trastoca el derecho de la parte recurrente de presentar una nueva revisión judicial, de así entenderlo, **luego de que la Junta Examinadora notifique adecuadamente una determinación final que cumpla con los requisitos de ley.**

**IV.**

Por los fundamentos que anteceden, y al amparo de la Regla 83, *supra,* desestimamos por prematuro el presente recurso de revisión judicial, toda vez que carecemos de autoridad para evaluar una determinación agencial que no goza de finalidad de conformidad a la Sección 3.14 de la LPAU, *supra* y el Artículo 34 del Reglamento Núm. 8476, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnard concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones